KERNS BROTHERS, Appellees, v. MARTIN J. DELACY, Appellant.

**TRIAL:** Instructions—Withdrawal of Testimony Received Without
1 Objection. Legally objectionable testimony, though introduced without objection, may, nevertheless, very properly be eliminated from the case by the instructions of the court.

**APPEAL AND ERROR:** Harmless Error—Error Negatived by Record.
2 The assignment that testimony was improperly received for a certain purpose will be disregarded when the record, as a whole, demonstrates that the testimony was not received for such a purpose, nor could the jury have so understood.

**BROKERS:** Action for Compensation—Burden of Proof. In the absence of any request for more detailed instructions, a broker may

not complain that he was required to prove (1) that he was instrumental in bringing about the consummation of the deal in question, and (2) that he did so under a promise of compensation, even though his instrumentality in consummating the deal *was proven without controversy*.

APPEAL AND ERROR:   Review—Presumptions—Opportunity to Request Instructions.   It will always be presumed, in the absence of an appellate record showing the contrary, that a party was given opportunity in the trial court to request additional instructions.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

FEBRUARY 14, 1922.

ACTION for balance due on account. The defendant filed a counterclaim, comprising two items. This counterclaim, being denied by the plaintiff, presents the only controversy made on the trial. There was a verdict for the plaintiff for the full amount of the claim, and judgment entered thereon. The defendant has appealed.—*Affirmed*.

*J. C. Hall* and *W. M. Chamberlain*, for appellant.

*Betty & Betty*, for appellees.

EVANS, J.—The plaintiff is a partnership, consisting of two brothers, who are jointly engaged in the business of contracting and building. They sued for a balance of account amounting to more than $4,000. Though the answer of defendant contained a formal denial of the indebtedness, no controversy was made upon the trial over the balance due the plaintiff. By way of counterclaim, the defendant averred that he was a broker, and that, as such, he was employed by the plaintiff to secure for the plaintiff certain building and wrecking contracts with one Sears, for an agreed compensation of $500. In another count, he made a similar claim for the procurement of a building contract with one Kramer, for an agreed compensation of 3 per cent, amounting to $328.48. The alleged employment and service were wholly denied by the plaintiff and were wholly rejected by the verdict of the jury. Disregarding certain broad assignments of error, such as that the verdict was contrary to the evidence and con-

trary to the law, the specific errors complained of may be reduced to three.

I. The defendant testified, as to the claimed item of $500, that one of the partners had offered him $250 in lieu of the $500. This evidence went into the record apparently without formal objection by the plaintiffs. The trial court, in the instructions to the jury, in effect eliminated the testimony, by instructing that offers of compromise could not be considered by the jury as evidence of admissions. That the instruction was abstractly correct in this regard is not disputed. It is urged, however:

1. TRIAL: instructions: withdrawal of testimony received without objection.

(1) That the evidence went in without objection by the plaintiff, and that, therefore, the court had no right on its own motion to eliminate the same.

(2) That there was no evidence that the proposal was made as an offer of compromise.

As to the first of these grounds, it is enough to say that, if the instruction was correct as a matter of law, the defendant is in no position to complain of it because the plaintiff had not objected or moved. Whether the plaintiff could have complained of such action by the court, we need not consider. We have frequently held that, where the trial court sustains an objection upon grounds which are not tenable, the ruling may, nevertheless, be saved if there be a tenable ground upon which the ruling could have been made. The reason for such rule is that we will not reverse and grant a new trial to the appellant simply to enable him to reoffer improper evidence because such evidence, when offered upon the first trial, was not objected to upon proper grounds. For the purpose of an affirmance here, it is enough that the evidence is objectionable, and would, on a second trial, be subject to rejection, upon an appropriate objection thereto. The penalty which a party to a suit suffers by neglect or failure to make proper objection to improper evidence ceases when he wins his verdict; whereas, if he had lost the verdict, he would be in no position to complain of the improper evidence, for want of a proper objection. The same rule is applicable here. The plaintiff failed to make proper objection to this evidence. Because of such failure, if

he had lost the verdict he could not have obtained a new trial on the ground that this evidence was improperly received. But he won the verdict, and his failure to avail himself of all his rights during the trial loses its significance. On the other hand, the plaintiff's failure to object added nothing affirmatively to the rights of the defendant. The evidence would be no more proper on a second trial, than it was on the first. It would be subject to proper objection. We would have to assume that plaintiff would be awake by that time, even though he had momentarily slept at the first trial.

Furthermore, the mere fact that the testimony had been received did not necessarily entitle the defendant to have the jury consider it for any purpose beyond a legitimate one. The evidence came into the record as a part of an alleged conversation, some of which, at least, was admissible. It is the law that an effort at compromise is not to be deemed an admission of liability. It was no less the law after the evidence went into the record than it was before. If the case had been tried to the judge without a jury, the judge, knowing the law, would not have considered such evidence as evidence of an admission of liability. The rights of the defendant were no greater before a jury than before a judge. If the jury had deemed such evidence to be evidence of an admission of liability, it would be because of ignorance of the law in that regard. It was the duty of the court to advise them of the law pertaining thereto. This is all that the court did. If there was any other purpose for which the evidence could properly be considered, it was left in the record for such purpose. There was no error at this point.

II. William Kerns, one of the partners, testified as follows:

"Q. In June, 1919, did you have very much work ahead of you? A. Yes. We had lots of work."

2. APPEAL AND ERROR: harmless error: error negatived by record. Appropriate objection was made to the foregoing question and was overruled, and appropriate motion was made to strike the answer. The objection could properly have been sustained. The overruling of it was not necessarily error. The question was put in the early part of the examination. It was somewhat preliminary in its nature. The pertinency of preliminary questions

and answers is not always readily apparent, and the trial court has a broad discretion in permitting the same. . It is now argued by appellant that the effect of this evidence was to say that the plaintiff had no need or desire for the work, because of the abundance of work already on hand. The plaintiff was not entitled to use the evidence for any such purpose. That he neither offered it nor used it for such purpose is rendered clear on his cross-examination, wherein he testified, "I certainly did want the jobs." Though it be said, therefore, that the evidence complained of was entirely immaterial, and for that reason inadmissible, it is also clear that it was entirely harmless, in that it could have worked no prejudice to the defendant.

III. The court below instructed the jury that the burden was upon the defendant to prove the items of his counterclaim, and that he must establish by a preponderance of the evidence two stated propositions. As to the Sears item, these two propositions were stated as follows: "First. That, on or about August 15, 1919, the plaintiffs or one of them promised and agreed to pay him $500 if he would assist them to secure a contract to wreck one old house and build two new houses for one Isaac L. Sears.

3. BROKERS: action for compensation: burden of proof.

"Second. That, pursuant thereto, the defendant did assist plaintiff to secure the Sears contract with the said Sears, and that said assistance was effective in securing such contract."

In another instruction, the same propositions were applied to the Kramer item. Appellant assigns error at this point, in that the second proposition stated was proved, as alleged, by undisputed evidence, and that, therefore, the court should not have submitted such proposition as a question to be decided by the jury.

The major fact at issue on the trial was whether or not the plaintiff had ever agreed to pay the defendant a brokerage commission for procuring any contract for him. Such a service was not within the line of defendant's regular business. He was a real estate broker, buying and selling real estate. He testified, however, that William Kerns had agreed to pay him a commission of $500, if he obtained the Sears contract. This was denied in toto by Kerns. Kerns Brothers, as builders, had done $80,000 or $90,000 worth of building for the defendant, and

were engaged in contract work for him at the time that they took the Sears contract. It is undisputed that Delacy introduced Sears to the plaintiffs, having previously recommended the Kerns Brothers to Sears. Kerns Brothers had no knowledge of Sears's purpose, prior to that time. The contract was entered into immediately following the introduction. If, therefore, a promise of a commission was given, it must have been done then and there, pending the negotiations with Sears. The fact, therefore, that Delacy was instrumental in bringing Sears and Kerns Brothers together is proved without dispute. It does not follow that this bringing together was done "pursuant" to an agreement for a commission. Nor did the fact that he was instrumental in bringing them together imply an agreement for a commission. It may be conceded that it was the duty of the jury, in the light of the testimony of both parties, to find that Delacy was instrumental in bringing Sears to Kerns. We must assume that they did so find. Nor is their general verdict inconsistent with such finding. The fact that the testimony of both parties was in harmony at that point did not, in a legal sense, lift the burden of proof on the proposition from the defendant. Neither proposition standing alone was sufficient to entitle the defendant to recover. He was bound to connect them, and therefore to prove both of them. Though his instrumentality was proved, yet that became immaterial when he failed to connect it with an agreement for the commission. There was no error, therefore, in giving the instruction in the form adopted by the trial court. It may be that the defendant would have been entitled to a further instruction, if he had asked for it, to the effect that defendant's instrumentality was sufficiently established by the testimony of both parties. No such instruction was asked.

It is urged at this point that the trial court gave the defendant no opportunity to request additional instructions. The record disclosed by appellant's abstract does not indicate whether he had such opportunity or not. It must, therefore, be presumed that he did have. Moreover, if such an instruction had been given, it would have required careful qualification along the lines already indicated by our discussion. The net re-

4. APPEAL AND
ERROR: review:
presumptions:
opportunity to
request instruc-
tions.

sult would have left the defendant in the same place. Nor are we prepared to say that such an instruction ought to have been given, even with qualifications. It is doubtful, to say the least, whether it might not have added confusion, rather than clearness, to the minds of the jurors. We are clear that there was no error in the instruction as given. The case presented was peculiarly a fact case.

We discover in the record no prejudicial error, and the verdict must be deemed conclusive. The judgment entered below is, therefore,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.